IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK,  JUDGE

Civil Case No.  13-cv-01686-LTB

JANE DIANE GREEN,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

_____

ORDER
_____

This matter is before me on Plaintiff's Opposed Motion for Attorney Fees Pursuant to The Equal Access to Justice Act (the "EAJA") at 28 U.S.C. § 2412 **[Doc #22]** filed by Plaintiff, Jane Diane Green, following my order reversing and remanding the Social Security Administration ("SSA") Commissioner's final decision denying her application for supplemental security income.  After reviewing the parties' briefing on the matter,  I GRANT Plaintiff's motion for EAJA fees.

**I.  BACKGROUND**

Plaintiff sought judicial review of the SSA Commissioner's final decision denying her application filed pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c. After consideration of the parties' arguments and the administrative record, I entered an order on December 17, 2014, in which I reversed and remanded the SSA Commissioner's final decision. [Doc #20]  In that order I concluded that the Administrative Law Judge's ("ALJ") order failed to show that he properly considered the medical opinion evidence of record.  As a result, I reversed the Commissioner's final decision and remanded the matter for additional proceedings;

specifically for further analysis of the medical opinion evidence, included the additional records provided to the SSA Appeals Council, and if such analysis results in any changes to the Plaintiff's residual functional capacity ("RFC") for re-determination of what work she can perform, if any.  Judgment subsequently entered on December 19, 2014. [Doc #21]

## II. LAW

Plaintiff now seeks  attorney fees pursuant to the EAJA.  The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A).  The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  A "position can be justified even though it is not correct, and  . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct."  *Id.* at 566 FN2.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  The Commissioner bears the burden of demonstrating that her position was substantially justified.  *Id.*  I have discretion in determining whether this standard has been met.  *Pierce v. Underwood*, *supra*, 487 U.S. at 561-62; *see also*

*Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994).   In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items."  *Comm'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).

## III.  UNDERLYING RULINGS

The ALJ determined that Plaintiff was not disabled, which became the SSA Commissioner's final decision, on the basis that she had the RFC to perform work existing in significant numbers in the national economy at Step Five of the sequential evaluation process for assessing disability claims.  *See* 20 C.F.R. §416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  In so doing, the ALJ assessed Plaintiff's RFC as the ability to perform medium physical work, except that he was limited by his mental impairments "to have less than occasional dealings with the general public and minimal supervision."

On review of this decision, Plaintiff challenged the ALJ's analysis of the medical opinion evidence and his credibility determination.  I ruled that the ALJ's order failed to demonstrate reliance on the correct legal standards when evaluating the opinion evidence in the record. Specifically, I ruled that the ALJ's reasons for giving Dr. Cotgageorge's (a consultive examiner) opinion, as to Plaintiff's mental limitations, "little weight" were insufficient in that the three reasons relied upon by the ALJ for discounting Dr. Cotgageorge's assessment were not supportive of that determination; for example, the ALJ found that the Global Assessment of Functioning ("GAF") score of 50 – assessed by Dr. Cotgageorge – was approaching only moderate symptoms when, in fact, a GAF score of 50 indicates serious symptoms.  I also ruled that ALJ's decision to give "more weight" to the opinion of "M. Berkowitz" (a non-examining

3

state agency consultant) was not adequately set forth in the order in that it failed to explain what weight was actually given, and although the ALJ apparently accepted a portion of the consultant's opinion related to areas of no limitation, he did not accept the specific limitations in other several areas of moderate limitations.  The ALJ's order likewise failed to identify why the rejected limitations were deemed suspect.  With regard to two other sources – Susan Watson and Eileen Andricovich – the ALJ gave their opinions "no weight" but, in so doing, he failed to provide any analysis of the relevant factors used to assess the medical opinion these other (non-acceptable) medical sources as mandated by Social Security Ruling 06-03p.  Finally, the ALJ's order failed to address an opinion expressed by Plaintiff's treating physician.  Finally, the SSA Appeals Council failed to address opinions set forth be treating sources in MED-9 forms subsequently provided by Plaintiff.

Therefore, because the ALJ's order failed to properly weigh the medical opinion evidence, I reversed pursuant to 20 C.F.R. §416.927, which provides that the failure to weigh all medical opinion evidence and set forth the reasons why a particular weight was assigned, or not providing adequate reasons for an ALJ's decision, constitutes reversible error.  As such, I did not reach Plaintiff's claim on appeal that the ALJ erred in his determination of her credibility related to her subjective complaints.

## IV. ANALYSIS

The parties agree that the sole question at issue here is whether the SSA Commissioner's litigation position on appeal was substantially justified, to a degree that could satisfy a reasonable person, barring an award of EAJA attorney fees to Plaintiff.  28 U.S.C. §2412(d)(1)(A).

Plaintiff argues that the SSA Commissioner's position was not substantially justified. While it is clear that the Commissioner's litigation position can be reasonable even if it is wrong, her defense of the ALJ's position as to the relative weight given to the opinion evidence in the record was not substantially justified.   First, while the ALJ's decision to discount the opinion of Dr. Cotgageorge (a consultive examiner) may have been justified in this case, his decision to give "more weight" to the opinion of "M. Berkowitz" (a non-examining state agency consultant) was not; this is particularly true when the ALJ apparently accepted a portion of M. Berkowitz's opinion related to areas of no limitation, but did not accept the specific limitations in other several areas of moderate limitations.  As a general rule, the opinion of treating sources and examining physician opinions are entitled to more weight than the opinions of non-examining physicians who have never seen the claimant and an ALJ must consider every medical opinion in the record.  20 C.F.R. §416.927(d).

As to the other sources, the Commissioner clearly failed to apply the requisite factors – set forth in 20 C.F.R. §416.927(d) – when giving "no weight" to the opinions of Ms. Watson and Ms. Andricovich.  I note that as to Ms. Watson's opinion, the Commissioner defended the ALJ's summary dismissal of her opinion with improper post-hoc reasoning that was not set forth in the ALJ's order.  *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004)(ruling that post-hoc reasoning by the Commissioner is not appropriate to support an ALJ's decision).

Finally, the ALJ failed to address the opinion of treating physician Dr. Bloink.  Although the Commissioner now contends that Plaintiff did not raise this particular issue on appeal, Plaintiff did take issue with the Appeal Council's failure to address the MED-9 forms in which several of her treating sources indicated that it was their opinion that she was disabled.

Based on the foregoing, I conclude that the Commissioner's position defending the ALJ's rulings as to the weight given to the medical opinion evidence, as well as the Appeals Council's failure to address the opinions subsequently provided by her, was not substantially justified.  To the extent that the Commissioner now argues that its position with regard "to the case as a whole" was substantially justified – in that Plaintiff's other claim of error related to the ALJ's assessment of her credibility was clearly justified – I disagree.  While the ALJ's credibility determination may have been without error, the Commissioner's position as to the ALJ's weighing of the various medical opinion evidence, as set forth in his order, and the Appeals Council's failure to address subsequent submitted opinion evidence, was clearly not supportable or substantially justified.  Thus, I conclude that the Commissioner has not met her burden to establish that her litigation position in this matter was sufficiently reasonable to avoid an EAJA attorney fees award in favor of Plaintiff.  *See generally Pierce v. Underwood*, *supra*, 487 U.S. at 566.

Plaintiff requests attorney fees in the amount of $8,466.18 – representing 44.60 hours of attorney work and .30 hours of paralegal time.  The Commissioner presents no argument that the hourly rate requested by Plaintiff's counsel is excessive or that the total amount of time expended or the total amount of fees requested are unreasonable.  Moreover, my own experience suggests that the hours expended are reasonable and the fees requested are comparable to awards made under the EAJA in similar cases.  *See generally Guana v. Astrue,* 2013 WL 31602 (D.Colo., Jan. 28, 2013)(unpublished).  I therefore conclude that Plaintiff is entitled to the entirety of her requested fees.

ACCORDINGLY, it is ORDERED that Plaintiff's Opposed Motion for Attorney Fees Pursuant to The Equal Access to Justice Act (the "EAJA") at 28 U.S.C. § 2412 **[Doc #22]** is GRANTED, and Plaintiff is AWARDED $ 8,466.18 in attorney fees pursuant to 28 U.S.C. §2412(d)(1)(A).  I FURTHER ORDER that the check for attorney fees shall be made out to Plaintiff and sent to Plaintiff's counsel's office.

Dated:   October   6  , 2015 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK,  JUDGE